| | |
|---|---|
| THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH | |
| BRANDON KEETON,<br><br>        Plaintiff,<br><br>v.<br><br>HEPTA MFG LLC, a domestic limited liability company, BRIAN NICHOLS, an individual, JOHN DOES 1-10,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING THE KEETONS' MOTION TO DISMISS HEPTA'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT**<br><br>Case No. 4:25-cv-00019<br><br>District Judge David Nuffer |
| HEPTA MFG LLC, a domestic Utah limited liability company; and BRIAN NICHOLS, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>BRANDON KEETON, an individual; and CRISTY KEETON, an individual,<br><br>       Defendant. | |

On May 2, 2025, Plaintiff Brandon Keeton and Third-Party Defendant Cristy Keeton (collectively "the Keetons") filed a Motion to Dismiss Counterclaim and Third-Party Complaint for Lack of Subject Matter Jurisdiction ("Motion").[1] The Keetons move to dismiss the

---

[1] Motion to Dismiss Counterclaim and Third-Party Complaint ("Motion"), docket no. 10, filed May 2, 2025.

Counterclaim and Third-Party Complaint ("Counterclaim")[2] filed by Defendants HEPTA MFG LLC, a domestic limited liability company, and Brian Nicholas (collectively "HEPTA"). The Keetons argue that because HEPTA brought the same claims in December 2024 in a case before the Washington County Justice Court ("Justice Court") where jurisdiction is limited to $15,000[3] HEPTA's claims do not meet the minimum for diversity jurisdiction and should be dismissed.

On May 16, 2025, HEPTA filed their Memorandum in Opposition to the Keetons' Motion ("Opposition"), stating that they have sufficiently pleaded the amount necessary to satisfy diversity jurisdiction.[4]

## 1    STANDARD OF REVIEW

The Keetons move to dismiss Defendant's counterclaims under Fed. R. Civ. P. 12(b)(1)[5] for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion to dismiss may take one of two forms: the motion may be a facial attack that "questions the sufficiency of the complaint;"[6] or, the motion may be a factual attack that "challenge[s] the facts upon which subject matter jurisdiction depends."[7] When a motion raises a facial challenge to the complaint, "a district court must accept the allegations in the complaint as true."[8] However, on a factual challenge, the court is not required to accept the complaint's allegations as true and "may not presume" that they are

---

[2] Defendants' Partial Answer to Plaintiff's Complaint & Counterclaim and Third-Party Complaint ("Counterclaim & Third-Party Complaint"), docket no. 8, filed April 11, 2025.

[3] U.C.A. § 78A-8-102(1)(a)(i) (2025); As of January 1, 2025, the Utah small claims jurisdictional limit increased to $20,000. See U.C.A. § 78A-8-102(1)(a)(i)(B) (2025).

[4] Memorandum in Opposition to Motion to Dismiss Counterclaim and Third-Party Complaint ("Opposition"), docket no. 12, file May 16, 2025.

[5] Motion.

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[7] *Id*.

[8] *Id*.

true.[9] A factual Rule "12(b)(1) motion is considered a 'speaking motion' and can include references to evidence extraneous to the complaint."[10] And the court enjoys "wide discretion to ... resolve disputed jurisdictional facts.[11]

## 2  DISCUSSION

The Keetons' Motion is a factual challenge under Rule 12(b)(1) because it challenges the facts underlying the purported jurisdiction over HEPTA's counterclaims.[12] The Keetons argue that the Counterclaim must be dismissed because HEPTA brought identical claims in Justice Cour, which had a jurisdictional of $15,000[13]. Therefore, the Keetons argue, HEPTA's claims could not possibly satisfy the $75,000 minimum amount in controversy for diversity jurisdiction.[14] HEPTA argues they have sufficiently plead diversity jurisdiction, and that the Keetons' "argument mischaracterizes the nature and legal effect of that earlier filing" because "the claim presented in that forum was necessarily limited in scope and reflected only a portion of the harm suffered."[15] For the reasons below, both arguments fall short.

Under the supplemental jurisdiction statute[16], the court has supplemental jurisdiction over related state law claims in any case over which the court has original jurisdiction if the claims form part of the same case or controversy. District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that

---

[9] *Id.* at 1003.

[10] *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987).

[11] *Id*.

[12] Motion at 5-6.

[13] Utah Code. Ann. § 78A-8-102(1)(a)(i) (2025).

[14] Motion at 7.

[15] Opposition at 6.

[16] 28 U.S.C. § 1367.

they form part of the same case or controversy under Article III of the United States Constitution."[17] However, "[e]ven where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties. Supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[18] "While a permissive counterclaim must be supported by independent jurisdiction, a compulsory counterclaim falls within the court's supplemental jurisdiction and does not need independent jurisdiction."[19]

HEPTA raises three counterclaims: (1) breaching of contract; (2) defamation; and (3) breach of the implied covenant of good faith and fair dealing.[20] For the reasons stated below, supplemental jurisdiction applies to these claims and the Motion is DENIED.

The Keetons' argue dismissal is warranted because, "[t]he Counterclaim contains only one concrete number – $5,624 – corresponding to an allegedly unpaid invoice. All other references to damages are unquantified and generalized, such as 'financial strain,' 'emotional distress,' and 'reputational damage.'"[21] HEPTA counters that "[t]he Counterclaim alleges far more than an unpaid invoice of $5,624" and that the Keetons' "actions bear a reasonable relation to lost business, damaged goodwill, and foreseeable future economic loss exceeding $75,000."[22] These arguments fall short.

---

[17] *Markley v. U.S. Bank Nat'l Ass'n,* 142 F.4th 732, 735 n.1 (10th Cir. 2025).

[18] *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

[19] *United States v. Questar Gas Mgmt. Co.*, No. 2:08CV167DAK, 2010 WL 2813779, at *1 (D. Utah July 16, 2010) ( *NLRB v. Dutch Boy, Inc.,* 606 F.2d 929, 932 (10th Cir.1979)).

[20] Counterclaim & Third-Party Complaint at 14-17.

[21] Motion at 6.

[22] Opposition at 4-5.

"Compulsory counterclaim[s] fall[] within the court's supplemental jurisdiction and [do]not need independent jurisdiction."[23] Fed. R. Civ. P. 13(a) defines compulsory counterclaims as ones that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction."[24] The Tenth Circuit has identified four questions "by which the compulsory or permissive nature of specific counterclaims may be determined:"

> (1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
>
> (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule?
>
> (3) Will substantially the same evidence support or refute plaintiffs' claim as well as defendants' counterclaim? and
>
> (4) Is there any logical relation between the claim and the counterclaim?[25]

Here, the Complaint[26] and Counterclaim[27] mirror each other, as both sides assert breach of contract and defamation claims arising from the same facts. Accordingly, questions 1, 3, and 4 weigh in favor of finding HEPTA's counterclaims compulsory.

The remaining inquiry is question two. Along with their Motion, the Keetons' submit "Exhibit A" a complaint HEPTA filed in Justice Court on December 17, 2024.[28] In the Justice Court complaint HEPTA raised many of the same allegations now included in the

---

[23] *United States v. Questar Gas Mgmt. Co.*, No. 2:08CV167DAK, 2010 WL 2813779, at *1 (D. Utah July 16, 2010) (*citing NLRB*, 606 F.2d at 932).

[24] Fed. R. Civ. P. 13.

[25] *Pipeliners Loc. Union No. 798, Tulsa, Okl. v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974).

[26] Complaint ¶ 39-89.

[27] Counterclaim & Third-Party Complaint at 14-17.

[28] Exhibits re Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support ("Motion Exhibits"), docket no. 11, field May 2, 2025.

Counterclaim.[29] The Justice Court docket shows that the Keetons were served on January 24, 2025, and then stated an intent to remove to state district court.[30] The Keetons never removed to state district court. Likewise, the Keetons never filed a counter-affidavit, the Justice Court's equivalent of a counterclaim.[31] On March 19, 2025, the Justice Court held trial.[32] At trial HEPTA presented "testimony and evidence to the court."[33] The Keetons then moved "the court to stay the proceeding until the federal case filed is resolved."[34] The Justice Court Judge granted the stay.[35]

Ordinarily, the Keetons' failure to raise a compulsory counterclaim in prior state court litigation would be barred by res judicata.[36] Thus, question two raises a critical concern: if res judicata bars the Keetons' Complaint, then both the Complaint and Counterclaim must be dismissed for lack of jurisdiction. The Tenth Circuit applies state court res judicata rules.[37] In *Faux v. Mickelson*, the Utah Supreme Court discussed a case like the one here.[38]

In *Faux*, a landlord sued tenants in small claims court to recover rent and other charges.[39] The tenants appeared at the small claims trial, but brought no counterclaim, executed no counter-affidavits, so judgment was entered in the landlord's favor.[40] Weeks later, the tenants filed suit in

---

[29] *Compare* Motion Exhibits at 4; *with* Counterclaim.

[30] *Nichols v. Keeton*, No. 248700386 (Utah Just. Ct. Wash. Cnty. filed Dec. 17, 2024) (small claims docket).

[31] Utah R. Small Claims P. 4.

[32] *Nichols*, No. 248700386 (small claims docket).

[33] *Id.*

[34] *Nichols*, No. 248700386 (order granting third motion to stay).

[35] *Id*.

[36] *Sheriff v. Accelerated Receivables Sols.*, 349 F. App'x 351, 353 (10th Cir. 2009).

[37] *Brady v. UBS Financial Services, Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008).

[38] *Faux v. Mickelsen*, 725 P.2d 1372 (Utah 1986).

[39] *Id*. at 1373.

[40] *Id*.

state district court. The landlord moved to dismiss, and the district court agreed, stating that: (1) the tenants missed the deadline to remove the case from small claims to a higher court; and (2) because the new claims arose from the same transaction or occurrence as the small claims action, res judicata barred the tenants' case.[41] The Utah Supreme Court reversed, holding that given the limited jurisdiction of a small claims court "a defendant is not compelled to bring a counterclaim though it may arise from the same transaction or occurrence as the subject matter sued on" nor did plaintiff have a "duty to remove the small claims court matter to the [higher] court in order to pursue a counterclaim."[42]

Under *Faux*, the Keetons had no obligation to bring compulsory counterclaims in Justice Court or to remove the case. As a result, res judicata does not bar their claims.[43] Because this court has jurisdiction of the Keeton's complaint, supplemental jurisdiction extends to HEPTA's Counterclaim against Mr. Keeton, and the Third-Party Complaint against Ms. Keeton.

Therefore, for the reasons stated above, the Keetons' Motion is DENIED.

## 3   ORDER

IT IS HEREBY ORDERED that the Motion[44] is DENIED.

Signed November 3, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[41] *Id*.

[42] *Id*. at 1375.

[43] HEPTA's Partial Rule 12(b)(6) Motion to Dismiss, docket no. 9, filed April 16, 2025.

[44] Motion to Dismiss Counterclaim and Third-Party Complaint, docket no. 10, filed May 2, 2025.