| | |
|---|---|
| THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH | |
| BRANDON KEETON,<br><br>               Plaintiff,<br><br>v.<br><br>HEPTA MFG LLC, a domestic limited liability company, BRIAN NICHOLS, an individual, JOHN DOES 1-10,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART HEPTA'S PARTIAL RULE 12(b)(6) MOTION TO DISMISS**<br><br>Case No. 4:25-cv-00019 DN<br><br>District Judge David Nuffer |
| HEPTA MFG LLC, a domestic Utah limited liability company; and BRIAN NICHOLS, an individual,<br><br>               Plaintiff,<br><br>v.<br><br>BRANDON KEETON, an individual; and CRISTY KEETON, an individual,<br><br>               Defendant. | |

On February 24, 2025, Plaintiff Brandon Keeton filed a Complaint asserting eleven causes of action in contract, tort, common law, equity, and under the Utah Consumer Sales Practices Act ("UCSPA").[1] On April 16, 2025, Defendants HEPTA MFG LLC, a domestic limited liability company, and Brian Nicholas (collectively "HEPTA") filed a Partial Motion to

---

[1] Complaint ¶ 4, docket no. 1, filed February 24, 2025.

Dismiss under Utah Rule of Civil Procedure 12(b)(6) ("Motion").[2] The Motion seeks to dismiss seven of Mr. Keeton's eleven causes of action under Utah's economic loss rule.[3] In his Opposition to the Motion ("Opposition") Mr. Keeton conceded dismissal of six of the causes of action that HEPTA moves to dismiss, but opposes the dismissal of the other challenged claim.[4] The parties only conflict as to dismissal of one cause of action: intentional infliction of emotional distress (IIED).

For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

# 1 DISCUSSION

HEPTA brings their Motion to dismiss seven of eleven claims asserted in Mr. Keeton's Complaint under Federal Rule of Civil Procedure 12(b)(6).

Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[5] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[6] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[7] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[8]

---

[2] HEPTA's Partial Rule 12(b)(6) Motion to Dismiss ("Motion"), docket no. 9, filed April 16, 2025.

[3] Motion at 1-2.

[4] Brandon Keeton's Opposition to HEPTAs' Partial Rule 12(B)(6) Motion to Dismiss ("Opposition"), docket no. 15, filed June 20, 2025.

[5] Fed. R. Civ. P. 12(b)(6); see *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

HEPTA challenges Mr. Keeton's tort claims under Utah's economic loss rule.[9] HEPTA cites the Utah Supreme Court's decision in *HealthBanc Int'l, LLC v. Synergy Worldwide*.[10] In *HealthBanc*, the Utah Supreme Court made clear "[i]n cases [] where the party's tort claim is a mere duplication of its breach of contract claim. . . [t]he tort claim is barred."[11]

In his Opposition, Mr. Keeton acknowledged the Utah Supreme Court's holding in *HealthBanc* and conceded dismissal of the following six causes of action: fraud (Count II); negligent misrepresentation (Count III); conversion (Count IV); unjust enrichment (Count VI); negligent performance of services (Count VII); and negligent infliction of emotional distress (Count X).[12] However, Mr. Keeton states he opposes dismissal of the IIED (Count IX) and defamation (Count XI) claims.[13] Mr. Keeton asserts that these claims should not be dismissed because the "conduct occurred after Defendants delivered the Jeep and does not relate to the work performed or omitted under the contract."[14]

Because Mr. Keeton concedes dismissal of six causes of action,[15] the Motion is GRANTED as to those six causes of action.

While Mr. Keeton stated he opposes the dismissal of his defamation claim,[16] HEPTA did not move to dismiss the defamation claim. Mr. Keeton's defamation claim remains. The only claim remaining in dispute is Mr. Keeton's IIED (Count XI) claim.

---

[9] Motion at 4-5 (citing *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 2018 UT 61, 435 P.3d 193).
[10] *Id*.
[11] *HealthBanc*, 2018 UT 61, ¶ 21.
[12] Opposition at 2.
[13] *Id*. 2-3.
[14] *Id*. at 2.
[15] Opposition at 2-3.
[16] *Id*. at 3.

### 1.1 The Economic Loss Rule

"The economic loss rule prevents recovery of economic damages under a theory of nonintentional tort when a contract covers the subject matter of the dispute."[17] The Utah Supreme Court has stated that "when a contract exists between the parties" the economic loss rule applies.[18] Under Utah's economic loss rule "when a conflict arises between parties to a contract regarding the subject matter of that contract, the contractual relationship controls, and parties are not permitted to assert actions in tort."[19] However, "[w]hen a duty exists that does not overlap with those [duties] contemplated in contract, the economic loss rule does not bar a tort claim because the claim is based on a recognized independent duty of care."[20]

### 1.2 Mr. Keeton's IIED Claim

Mr. Keeton's IIED claim alleges two distinct types of actions by HEPTA: (1) "[HEPTA] engaged in extreme and outrageous conduct by repeatedly misleading Plaintiff, refusing to complete the work as promised, forcing Plaintiff to travel at great expense, ultimately delivering an inoperable and damaged vehicle and leaving Plaintiff to fend for himself during Trail Hero";[21] and (2) "Defendants further engaged in malicious and retaliatory conduct, including disparaging Plaintiff online and encouraging harassment against him and his wife."[22]

---

[17] *Reighard v. Yates*, 2012 UT 45, ¶ 20, 285 P.3d 1168, 1176.

[18] *HealthBanc*, 2018 UT ¶ 12 (*quoting Reighard*, 2012 UT ¶ 20).

[19] *Id*. ¶ 15. (*quoting Reighard*, 2012 UT ¶ 21).

[20] *Id*.

[21] Complaint ¶ 76.

[22] *Id*. ¶ 77.

### 1.3 The Parties' Positions on the IIED Claim

HEPTA moves to dismiss Mr. Keeton's IIED claim in its entirety arguing it is barred by the economic loss rule as articulated in *HealthBanc*.[23] Mr. Keeton concedes dismissal of the IIED claim as it pertains to HEPTA's alleged contract-related behavior listed above in subparagraph (1), but Mr. Keeton resists dismissal of the IIED claims arising out of HEPTA's social media activity (subparagraph (2) above).[24] Mr. Keeton argues that HEPTA's social media posts are "a separate act of retaliation unrelated to the contractual bargain."[25] In their Reply, HEPTA argues that the alleged social media harassment "does not exist independently of the contract" because "[t]he alleged online harassment is a consequence of the dispute over the Jeep and arises solely because of that failed business relationship," and thus, HEPTA claims, the economic loss rule bars the IIED claim.[26] Keeton however claims the "conduct occurred after Defendants delivered the Jeep and does not relate to the work performed or omitted under the contract." [27]

### 1.4 The IIED Claim Does Not Fall Under the Economic Loss Rule

Utah's economic loss rule bars "recovery of economic damages under a theory of nonintentional tort"[28] when the parties have a contractual relationship. IIED is an intentional tort, and therefore not covered by the economic loss rule. This is why Mr. Keeton conceded to the dismissal of his NIED claim, but not the IIED claim. The intentional nature of the tort determines it does not fall under the scope of the economic loss rule.

---

[23] Motion at 6.

[24] Opposition at 12-13.

[25] *Id*.

[26] Reply at 3.

[27] Opposition at 2.

[28] *Reighard*, 2012 UT at ¶ 20.

Therefore, the economic loss rule does not apply, and the Motion is DENIED as to Mr. Keeton's IIED claim.

## 2 ORDER

IT IS HEREBY ORDERED that the Motion[29] is GRANTED in part and DENIED in part WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the following claims are DISMISSED:

1. Mr. Keeton's claim of fraud (Count II);

2. Mr. Keeton's claim of negligent misrepresentation (Count III);

3. Mr. Keeton's claim of conversion (Count IV);

4. Mr. Keeton's claim of unjust enrichment (Count VI);

5. Mr. Keeton's claim of negligent performance of services (Count VII);

6. Mr. Keeton's claim of negligent infliction of emotional distress (Count X);

7. Mr. Keeton's claim of intentional infliction of emotional distress (Count IX) as it pertains to HEPTA's actions barred by the economic loss rule.

Signed November 3, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[29] HEPTA's Partial Rule 12(b)(6) Motion to Dismiss ("Motion"), docket no. 9, filed April 16, 2025.